UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80981-CV-MIDDLEBROOKS

KATHERINE M. LASSEN, et al.,

    Plaintiffs,

v.

NFL PROPERTIES LLC, et al.,

    Defendants.

_____/

**ORDER SUA SPONTE DISMISSING COMPLAINT WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court *sua sponte*. The Eleventh Circuit has instructed that a district court, "in the exercise of its inherent power, must intervene *sua sponte* and order a repleader" in the face of a shotgun complaint, as "early *sua sponte* intervention will ensure public confidence in the court's ability to administer civil justice" and "conserve[] judicial and parajudicial resources." *Bryne v. Nezhat*, 261 F.3d 1075, 1133-34 (11th Cir. 2001). Shotgun pleadings fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Plaintiffs Katherine Lassen and James Maitland, as personal representatives of the estate of Victor I. Maitland bring this lawsuit against the Defendants, NFL Properties LLC, National Football League, National Football League Alumni, Inc., National Football Museum Inc. d/b/a Pro Football Hall of Fame, and Haggar Clothing Co. for Lanham Act trademark infringement and unfair trade practices under Florida law. (DE 1). Plaintiffs recently filed suit on August 6, 2025 and the summons were issued the next day. (DE 3). To date, no Defendants have appeared.

I have read the Complaint and find that it constitutes a shotgun pleading for failure to adequately distinguish the factual allegations between the various Defendants and for asserting

multiple counts against them without specifying which Defendants are responsible for which acts giving rise to this suit.

For example, throughout the Complaint, Plaintiffs group together the Defendants, four entities related to the National Football League (NFL) and a separate clothing company for their joint infringement of Plaintiffs' Gold Jacket concept and blazer design, along with the NFL Alum Logo and other related logos and emblems (the "Marks") that Plaintiffs' estate purportedly designed.  The issue with how Plaintiffs have alleged their facts is that they treat the Defendants all as one conglomerate entity. This poses unique challenges for the Defendants to respond to the allegations when Plaintiffs consistently accuse the Defendants of infringing on the marks through jointly conducted Hall of Fame and other NFL ceremonies (DE 1 ¶ 12), joint advertising and selling of the products which include the Marks, (*Id.* ¶ 64), and otherwise jointly profiting "from their unlawful actions" since 1989 (*Id.* ¶ 70). *See also Weiland*, 792 F.3d at 1323 (describing the various types of shotgun pleadings).

At various points in the Complaint, Plaintiffs do properly distinguish between the Defendant entities.  For example, in paragraph 57, Plaintiffs allege Defendant Haggar has been advertising and promoting its role as supplier of the NFL's Hall of Fame Gold Jackets since 1978. (*Id.* ¶ 58). But the Counts themselves are alleged against all of the Defendants and leave them (and the Court) to piece together how each Defendant infringed upon Plaintiffs' Marks by looking back at the factual allegations that mostly fail to distinguish the Defendants from each other. This is improper.

In short, Plaintiffs must provide more detail as to which Defendants did what or allege the relationship between the Defendants to show they are all operating as a single entity in order to maintain its allegations that the Defendants together have committed the alleged wrongs.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Plaintiffs are cautioned that in order to satisfy Federal Rule 8, they must, for **each count**, specify *who* took *what* action, and on what *legal basis* that action supplies grounds for relief. Absent these three ingredients, a claim is improper.

I will dismiss Plaintiffs' Complaint without prejudice. Plaintiffs shall have **one** opportunity to correct the pleading deficiencies identified in this Order. I note, however, that the defects described herein are not exhaustive, and so in preparing any forthcoming Amended Complaint, Plaintiffs must ensure that the entirety of their filing is compliant with the Federal Rules and this Court's Local Rules.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Plaintiffs' Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE**.

(2) On or by **August 25, 2025**, Plaintiffs may, if they so choose, file an Amended Complaint. Any Amended Complaint must include specific factual allegations to meet the pleading requirements of the claims they seek to bring.

(3) Plaintiffs are warned that failure to file the Amended Complaint on time and in compliance with this Order shall result in dismissal of this case without prejudice for failure to prosecute or for failure to comply with court orders. See Fed. R. Civ. P. 41(b).

**SIGNED** in Chambers in West Palm Beach, Florida, this 11th day of August 2025.

Donald M. Middlebrooks
United States District Judge